I respectfully dissent from the majority decision in this matter to reverse the Deputy Commissioner's Opinion and Award and would vote to affirm on the grounds that plaintiff's carpal tunnel syndrome was not causally related to her work with defendant-employer and that her job duties did not place her at an increased risk as compared to the general public.
Plaintiff failed to prove that her carpal tunnel syndrome was an occupational disease which was due to causes and conditions characteristic of and peculiar to her employment and which exclude all ordinary diseases of life to which the general public was equally exposed, in that, plaintiff's job was not repetitive, she gave an inaccurate description of her job duties, and her employment did not place her at a greater risk of contracting carpal tunnel syndrome as compared to the public generally.
Plaintiff worked for over 12 years as a general straightening operator which involved operating a machine which straightened coils of metal. Her various duties included loading the material into the machine, making adjustments to the machine, removing defective material, welding strips together, and unloading the material at the end of the line. In addition, she was required to use a metal cutter to cut samples from the material which was only necessary 20 to 25 times per day. None of these activities constitute repetitive motion much less rapid and continuous movements of her hands and arms as related by her to Dr. Smith. Although plaintiff's job required her to use her hands and arms, her activities with respect to such use were not highly repetitive as portrayed by her, therefore, Dr. Smith's medical testimony regarding causation can be given little or no weight since it was based on an inaccurate job description as related by plaintiff. Furthermore, Diana Grover, a licensed physical therapist with ergonomics training, viewed plaintiff's job and did not identify any risk factors for contracting carpal tunnel syndrome.
Based on the foregoing reasons, I respectfully dissent from the majority Opinion and Award reversing the Deputy Commissioner on the issue of causation.
 S/ __________________________ DIANNE C. SELLERS COMMISSIONER